# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11283
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERIK MILTONHALL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-109-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Erik Miltonhall pleaded guilty to transporting a visual depiction of a minor engaged in sexually explicit conduct and was sentenced to the statutory maximum of 240 months. He appeals his sentence on several grounds.

Miltonhall first contends that the district court misapplied the vulnerable victim enhancement under U.S.S.G. § 3A1.1(b). However, even

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11283

absent the enhancement, Miltonhall's guidelines range exceeded the statutory maximum sentence.  Further, the district court stated that it would impose the same sentence without the enhancement.  Thus, even if the district court did err, it was harmless.  *See United States v. Ibarra-Luna*, 628 F.3d 712, 718-19 (5th Cir. 2010).

Miltonhall also asserts that the district court misapplied the five-level enhancement under § 2G2.2(b)(7)(A) for an offense involving 600 or more images.  The presentence report (PSR) states that Miltonhall possessed 1,625 images of child pornography at the time he distributed 13 images to another person.  Moreover, testimony at sentencing revealed that he was actively searching a large inventory of images when he was chatting with the person with whom he ultimately transported the 13 images.  As it is plausible in light of the record as a whole that Miltonhall possessed 600 or more images of child pornography "during the commission" of his acts of transporting child pornography, the district court did not clearly err by applying the enhancement.  *United States v. Ekanem*, 555 F.3d 172, 175 (5th Cir. 2009).

Finally, Miltonhall contends that the district court violated his Fifth and Sixth Amendment rights by considering pending state charges when applying the pattern-of-activity enhancement under § 2G2.2(b)(5).  The PSR listed statutory sodomy as a "pending charge" and explained that the charge arose from allegations that Miltonhall sexually abused his ex-girlfriend's daughter.  The probation officer gathered information regarding these allegations from interviews conducted by the Child Advocacy Center of East Alabama and conversations Miltonhall had with his ex-girlfriend on Facebook.  Miltonhall did not present any evidence (other than a self-serving denial that he ever touched his ex-girlfriend's daughter) to demonstrate that the information was materially untrue, inaccurate, or unreliable.  Absent contrary evidence, the

2

No. 15-11283

district court was entitled to rely on the information in the PSR when determining Miltonhall's sentence. *See United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013); *United States v. Cabrera*, 288 F.3d 163, 173-74 (5th Cir. 2002). Moreover, we have held that a defendant's right to confrontation does not extend to sentencing proceedings. *See United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006); *United States v. Navarro*, 169 F.3d 228, 236 (5th Cir. 1999).

The judgment of the district court is AFFIRMED.